## VALENTINE v. GILBORNE et al.

A complaint alleged that plaintiff and defendants were co-partners when they sank a well for T. under contract for $350, providing that if the well did not comply with the contract as to capacity for a fixed period, they were to sink another well; that after completion of the well T. gave notes for $350, but before their maturity the partnership was dissolved, and the notes turned over to plaintiff, defendants agreeing to perform all the obligations of the parner-

ship, particularly to the said T.; that the well drilled for T. never furnished the flow of water agreed upon, and that defendants failed to drill another well, by reason of which T. refused to pay the notes. **Held** demurrable, as it fails to allege that the defendants were ever advised that the well was defective, or were requested to sink another well.

(Opinion filed April 29, 1911.)

Appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Action by Charles Valentine against G. A. Gilborne and another. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

*C. R. Jorgenson*, for appellant. *Hazle & Huntington*, for respondents.

WHITING, J. The plaintiff, for cause of action, alleged in his complaint that plaintiff and defendants, on and prior to April 12, 1905, were copartners in the well-drilling business; that they sank a well for one Turner; that under their contract with said Turner they were to drill his well for $350, and the well should be of a certain quality and capacity, said contract providing that, if the same did not live up to the agreement for a fixed period, plaintiff and his copartners were to sink another well for said Turner; that after the completion of the well Turner gave two notes in settlement for same in the aggregate sum of $350, with interest at 8 per cent., one note being due on November 1, 1905, and the other in November, 1906; that after the drilling of said well, and before the maturity of their notes, the copartnership was dissolved; that upon the settlement of the partnership affairs plaintiff accepted, as a part of his share of the partnership assets, the said notes against Turner, and that, as a part of such copartnership settlement, the defendants agreed to release plaintiff from all obligations arising under the partnership agreement, and further agreed to perform all acts and obligations of every kind and character to be performed by said partnership for the patrons of said partnership, and particularly the said Turner; that plaintiff relied upon said agreement in taking said notes; that the well drilled for Turner never furnished the flow of water as agreed upon under the conditions of the contract with such partnership;

that the defendants have wholly failed to drill another well, and have made no effort to carry out their part of the agreement màde with said Turner; that by reason of the failure of said well to comply with the contract said Turner has refused to pay the said notes, and by reason of the failure of said defendants to carry out their agreement with this plaintiff, the plaintiff has been unable to collect the same; and that plaintiff had been damaged thereby in the sum of $350 and interest at 8 per cent., amounting to $467.95. To this complaint the defendants demurred, on the ground that the facts therein stated did not constitute a cause of action. The demurrer was sustained, and, plaintiff declining to amend his complaint, judgment in favor of the defendants was entered upon such demurrer, from which judgment the plaintiff has appealed, and he assigns as error the sustaining of said demurrer and entering judgment thereon.

Both parties waived oral argument and submitted the cause upon briefs. The only proposition advanced by appellant in his brief is: "When a complaint is met by a general demurrer on the ground of insufficiency, the question is whether, assuming every fact alleged to be true, enough has well been stated to constitute any cause of action whatever. The complaint will be deemed sufficient when the necessary allegations can be fairly gathered from all the averments, although the pleading is defective in logical order and technical language." Conceding the correctness of this proposition of law, yet appellant has wholly failed to call attention to the facts which he claims show him entitled to relief, and if there were any inferences to be drawn from the allegations of this complaint, or if the appellant considered the allegations on their face sufficient to set forth any cause of action, it certainly was incumbent upon him to call this court's attention thereto. It will be noted that the complaint fails to allege that the defendants were ever advised that the well in question was defective, and fails to allege that they were ever requested to sink the other well. Certainly, without some notice or request to them, a mere failure upon their pàrt would not entitle either the plaintiff or Turner to bring an action of any kind

against them. Without analyzing the complaint further, it is very apparent that it wholly failed to state any cause of action, and that the demurrer was rightfully sustained.

The judgment of the trial court is affirmed.